Benitez v Church of St. Valentine Williamsbridge N.Y. (2019 NY Slip Op 02990)





Benitez v Church of St. Valentine Williamsbridge N.Y.


2019 NY Slip Op 02990


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Friedman, J.P., Sweeny, Tom, Moulton, JJ.


9055 300659/11 84104/11

[*1]Cesar A. Benitez, Plaintiff,
v
Church of St. Valentine Williamsbridge New York, Defendant-Appellant, St. Thomas Syro-Malabar Catholic Diocese of Chicago in New York, Defendant.
Church of St. Valentine Williamsbridge New York, Third-Party Plaintiff-Appellant,
v
St. Thomas Syro-Malabar Catholic Diocese of Chicago in New York, Third-Party Defendant, Kuzhikodil Enterprise Inc., Third-Party Defendant-Respondent.


Rivkin Radler LLP, Uniondale (Merril Biscone of counsel), for appellant.
Brill & Associates, P.C., New York (Corey M. Reichardt of counsel), for respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered September 22, 2015, which, to the extent appealed from as limited by the briefs, denied third-party plaintiff's motion for summary judgment, unanimously affirmed, without costs.
The court correctly denied the claim of St. Valentine Williamsbridge New York (St. Valentine) for contractual indemnification, because it was not included as the named "owner" in the indemnification agreements, and there is no evidence that it was a third-party beneficiary of those same agreements between the tenant and the contractor. There is nothing in the agreements suggesting that St. Valentine was intended to be a named indemnitee, and St. Valentine failed to establish that it proffered any consideration in order to be considered a party to the agreements (see Holt v Feigenbaum , 52 NY2d 291, 299 [1981]; LaSalle Natl. Bank v Ernst & Young , 285 AD2d 101, 108-109 [1st Dept 2001]).
Moreover, St. Valentine failed to present any facts to support an inference that it was an intended beneficiary of the tenant's agreements with the contractor. The undisputed records shows that St. Valentine was not an operating parish, it considered itself "out of business," and it had no employees.
St. Valentine did not know about the construction project, and was not entitled to enforce the indemnification provisions contained in its tenant's agreements with the contractor (Artwear, Inc. v Hughes , 202 AD2d 76, 81 [1st Dept 1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK